Opinion issued May 31, 2007











In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00854-CV

NO. 01-06-00869-CV






IRMA SAMBRANO, Appellant


V. 


TEXAS DEPARTMENT OF PROTECTIVE AND REGULATORY
SERVICES, (1) Appellee 





On Appeal from the 300th District Court

Brazoria County, Texas

Trial Court Nos. 29812, 35031




MEMORANDUM OPINION


 After a jury trial, the trial court entered judgments on the jury's findings and
terminated the parental rights of appellant, Irma Sambrano, to her children, B.J.S. and
K.A.S. (2) Appellant's court-appointed appellate counsel filed a brief stating his
conclusion that there is no non-frivolous issue that could be presented on appeal and
that any appeal would be without merit. Appellant counsel's brief includes a motion
to withdraw, stating that he mailed a copy of the brief to appellant, along with a letter
advising her of her right to file a pro se response. We affirm the trial court's
judgments and grant counsel's motion to withdraw. Background Appellee, Texas Department of Protective and Regulatory Services
("TDPRS"), filed its "Original Petition in Suit Affecting the Parent-Child
Relationship" against appellant, seeking to terminate appellant's parental rights to
K.A.S. on September 8, 2005. (3) TDPRS subsequently filed its "Petition to Terminate
the Parent-Child Relationship" against appellant, seeking to terminate her parental
rights to B.J.S. on May 17, 2006. (4) The two causes were tried together to a jury on
August 1, 2006 and August 2, 2006. 

 Appellant had stipulated in a prior order that she had (1) knowingly placed or
knowingly allowed B.J.S. to remain in conditions or surroundings that endangered
the physical or emotional well-being of B.J.S., pursuant to section 161.001(1)(D) of
the Texas Family Code, and (2) engaged in conduct or knowingly placed B.J.S. with
persons who engaged in conduct that endangered the physical or emotional well-being of B.J.S., pursuant to section 161.001(1)(E) of the Texas Family Code. See
Tex. Fam. Code Ann. 161.001(1)(E) (Vernon Supp. 2006). The jury found by clear
and convincing evidence that termination of the parent-child relationship between
appellant and B.J.S. was in the best interest of the child.

 In a separate jury charge, the jury found by clear and convincing evidence that
appellant had (1) knowingly placed or knowingly allowed K.A.S to remain in
conditions or surroundings that endangered the physical or emotional well-being of
K.A.S., pursuant to section 161.001(1)(D) of the Texas Family Code; (2) engaged in
conduct or knowingly placed K.A.S. with persons who engaged in conduct that
endangered the physical or emotional well-being of K.A.S., pursuant to section
161.001(1)(E) of the Texas Family Code; and (3) failed to comply with the provisions
of a court order that specifically established the actions necessary for appellant to
obtain the return of K.A.S., who had been in the permanent or temporary managing
conservatorship of TDPRS for not fewer than nine months as a result of K.A.S's
removal from appellant under Chapter 262 of the Texas Family Code for the abuse
or neglect of K.A.S, pursuant to section 161.001(1)(O) of the Texas Family Code. 
See Tex. Fam. Code Ann. 161.001(1)(O) (Vernon Supp. 2006). The jury also found
by clear and convincing evidence that termination of the parent-child relationship
between appellant and K.A.S. was in the best interest of K.A.S.

 The trial court entered judgments on the jury's findings on September 8, 2006,
terminating appellant's parent-child relationship with K.A.S. and B.J.S.

 Appellant's counsel reviewed the record and concluded that there is no non-frivolous issue that could be presented on appeal. Appellant's counsel then submitted
an Anders brief (5) and a motion to withdraw as counsel on January 8, 2007. This brief
met the minimum Anders requirements by presenting a professional evaluation of the
record and stating why there are no, in counsel's opinion, arguable grounds for
reversal. See Mitchell v. State, 193 S.W.3d 153, 156 (Tex. App.--Houston [1st Dist.]
2006, no pet.). TDPRS waived its opportunity to file a brief. Appellant did not file
a response by the deadline set by the Court. Anders Procedure


 Anders procedures are appropriate in parental-rights termination cases. In re
K.D., 127 S.W.3d 66, 67 (Tex. App.--Houston [1st Dist.] 2003, no pet.); see In re
D.E.S., 135 S.W.3d 326, 329 (Tex. App.--Houston [14th Dist.] 2004, no pet.); 
Porter v. Tex. Dep't of Protective & Regulatory Servs., 105 S.W.3d 52, 56 (Tex.
App.--Corpus Christi 2003, no pet.); In re K.M., 98 S.W.3d 774, 777 (Tex.
App.--Fort Worth 2003, no pet.); In re E.L.Y., 69 S.W.3d 838, 841 (Tex.
App.--Waco 2002, no pet.); In re K.S.M., 61 S.W.3d 632, 634 (Tex. App.--Tyler
2001, no pet.). 

 When we receive an Anders brief from an appellant's court-appointed attorney
who asserts that no arguable grounds for appeal exist, we must determine that issue
independently by conducting our own review of the entire record. See Anders v.
Calif., 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967) (emphasizing that reviewing
court--and not counsel--determines, after full examination of proceedings, whether
case is "wholly frivolous"); Stafford v. State, 813 S.W.2d 503, 5109-10 (Tex. Crim.
App. 1991) (quoting same passage from Anders). 

 Our role in this Anders appeal is limited to determining whether arguable
grounds for appeal exist. See Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim.
App. 2005). If we determine that arguable grounds for appeal exist, we must abate
the appeal and remand the case to the trial court to allow the court-appointed attorney
to withdraw. See id. The trial court must then either appoint another attorney to
present all arguable grounds for appeal or, if the defendant wishes, allow the
defendant to proceed pro se. See id. If we determine that there are arguable grounds
for appeal, appellant is entitled to have new counsel address the merits of the issues
raised. Id. "Only after the issues have been briefed by new counsel may [we] address
the merits of the issues raised." Id. If, on the other hand, we determine, from our
independent review of the entire record, that the appeal is wholly frivolous, we may
affirm the trial court's judgment by issuing an opinion in which we explain that we
have reviewed the record and have found no reversible error. See id. at 826-28. The
holding that there are no arguable grounds for appeal is subject to challenge by an
appellant by a petition for review filed in the Texas Supreme Court. Cf. id. at 827 &
n.6 (stating that appellate court's conclusion that there are no arguable grounds for
appeal is subject to challenge by an appellant by a petition for discretionary review
filed in the Court of Criminal Appeals). 

 In accordance with Anders and Bledsoe, we have reviewed the record and
appellant's appointed counsel's Anders brief and conclude that no reversible error
exists.

Conclusion We affirm the judgment of the trial court. We grant counsel's motion to
withdraw. (6) Cf. Stephens v. State, 35 S.W.3d 770, 771 (Tex. App.--Houston [1st
Dist.] 2000, no pet.).

 

 



 Tim Taft

 Justice 

Panel consists of Justices Taft, Jennings, and Alcala. 
1. The clerk's record and appellant's brief lists appellee as "Brazoria County
Protective Services." The judgments of the trial court list petitioner as
"Brazoria County Children's Protective Services, a unit of the Texas
Department of Protective and Regulatory Services." We refer to appellee as
Texas Department of Protective and Regulatory Services ("TDPRS"). 


 Effective Sept. 1, 2003, the legislature renamed the Texas Department of
Protective and Regulatory Services as the Department of Family and Protective
Services. See Act of June 2, 2003, 78th Leg., R.S., ch. 198, §§ 1.27, 1.29, 2003
Tex. Gen. Laws 641, 642 (stating that reference in law to TDPRS also means
DFPS and providing effective date of name change).
2. The judgment in cause number 35031 also terminated the parent-child
relationship between K.A.S. and her father, who does not appeal. The identity
of K.A.S's father was unknown; however, an attorney ad litem was appointed
for the father at trial. The parental rights of B.J.S.'s father had been terminated
in the "Agreed Final Decree of Permanent Managing Conservatorship in Suit
Affecting the Parent-Child Relationship," signed July 25, 2005.
3. At that time, the child K.A.S. was seven days old. K.A.S. was born September
1, 2005 in trial court cause number 29812.
4. At that time, the child B.J.S. was two years old. B.J.S. was born February 29,
2004.
5. "Anders brief" refers to a brief filed in accordance with Anders v. California,
386 U.S. 738, 741-44, 87 S. Ct. 1396, 1400 (1967). In Anders, the United
States Supreme Court held that a court-appointed defense attorney in a criminal
case who determines, after fully examining the record, that an appeal is wholly
frivolous and without merit must so advise the appellate court and then set
forth any potential points of error and applicable law that might arguably
support the appellant's position. See Anders, 386 U.S. at 741-44, 87 S. Ct. at
1400.

 
6. Counsel has a duty to inform appellant of the result of her appeal and also to
inform her that she may, on her own, pursue review in the Texas Supreme
Court. Cf. Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).